**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07-CR-30156-WDS |
| **CARLTON GILMORE,** | ) ) ) | |
| Defendant. | ) | |

### ORDER

Before the Court are defendant's motions for retroactive application of the Advisory Sentencing Guidelines (Doc. 75 and 87). In addition, the defendant has filed a motion to copy (Doc. 86) and a motion for production of laboratory report discrepancies (Doc. 94).

The Court previously assigned the Office of the Public Defender to represent the defendant in these motions. The Public Defender seeks to withdraw as counsel on the grounds that the defendant is not entitled to a reduction in sentence, which the Court **GRANTS** (Docs and 92). The defendant seeks appointment of new counsel (Doc. 93) which the Court **DENIES**.

The defendant pleaded guilty to two counts, Count 1, possession of cocaine base with intent to distribute, and Count 2, possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to a mandatory minimum term of imprisonment of 60 months on Count 1 and a consecutive term of 60 months on Count 2, for a total term of imprisonment of 120 months, with four years of supervised release on each count (See Docs. 46 and 56). The stipulation of facts (Doc. 47) provides that the defendant possessed approximately 40 grams of cocaine base.

Due to the amount of cocaine base, the defendant was subject to a mandatory minimum term of 60 months on Count 1. In February of 2010, the Court granted the government's motion for a reduction in sentence pursuant to Fed. R. Crim. P. 35 (See Sealed Order, Doc. 73) and his sentence

was reduced to a total term of imprisonment of 72 months, consisting of 36 months on Count 1 and 36 months on Count 2, to be served consecutively.

Upon review of the record, the Court **FINDS** that the defendant is not entitled to the relief he seeks as the various amendments to the Advisory Sentencing Guidelines do not result in any change in guideline computations because the defendant faced, and pleaded guilty to Count 1, which carried a mandatory minimum term. As the Seventh Circuit has noted, when the defendant has been sentenced in accordance with the statutory minimum, rather than the otherwise applicable guidelines range he is not eligible for a sentence reduction because his sentence "was 'based on' a statutory minimum, not a sentencing range that Amendment 706 lowered." *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008) (citation omitted); *United States v. Monroe*, 580 F.3d 552, 559 (7th Cir. 2009).

Moreover, his ineligibility continues even after the district court grants a Rule 35 sentence reduction below the mandatory minimum as a result of substantial assistance. *See Monroe*, 580 F.3d at 559. Therefore, for purposes of review of subsequent amendments to the Guidelines ranges for a § 3582 sentence reduction, the Court uses, as the "starting point," the mandatory minimum sentence. And, the Seventh Circuit has repeatedly determined mandatory minimum sentences are not otherwise affected by the subsequent amendments to the Advisory Sentencing Guidelines. *Id.* at 559-60.

Accordingly, the defendant's motions for retroactive application of the Advisory Sentencing Guidelines are **DENIED** as the relief he seeks is not available under any of the amendments to the Sentencing Guideline range.

In summary, the Court **GRANTS** the motions to withdraw (Docs. 80 and 92). The Court **DENIES** defendant's motions for copies (Doc. 86) and for production (Doc. 94). The Court

**FURTHER DENIES** defendant's motions for retroactive application of the amendments to the Sentencing Guidelines as the relief he seeks is not available under the amendments (Docs. 75 and 87), and **DENIES** defendant's motion for appointment of counsel (Doc. 93) as moot.

**IT IS SO ORDERED.**

**DATE  2 March, 2012**                **s/ WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**